■ In the Matter of the Claim of MEYER HALPERIN, Respondent, against R. SALZSTEIN & Co., INC., et al., Appellants, and L. FALKENSTEIN et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. In 1947, while employed by the appellant employer, claimant fell from a ladder, injuring his coccyx, leg and knee. In 1948, while working for the respondent employer Falkenstein, he jumped from a falling ladder, injuring an elbow and heel. The board has found that as an additional result of the 1947 accident claimant became disabled due to cervical intervertebral disc lesion and protrusion. Appellants concede that the 1947 accident contributed to cause the disability and that a third accident, in 1951, did not contribute thereto, but assert that the board erred in finding the 1948 accident in no way contributory. We find the medical evidence adduced from Dr. Belenky, Dr. Ostrow, Dr. Kliger and Dr. Sashin irrelevant to the present issue of causation of the disc condition. The parties here concerned agree that

the evidence offered by a number of other physicians is not material to that issue. There remains the evidence of Dr. Somberg and Dr. Kleiger, claimant's operating surgeons, and that of Dr. de Gutierrez-Mahoney, the impartial specialist designated by the board. Each of these doctors attributed initial causation to the 1947 accident and each gave some evidence which might be found supportive of appellants' theory that the 1948 accident was a source of aggravation. Dr. Somberg, for example, said that the subsequent accidents "may have perpetuated the process". Later he said that the second injury "must have played some part", but his basis for the latter conclusion seems to have been that aggravation would result from " every day living " or " with repeated trauma — just living — with repeated motions of the neck." Dr. Kleiger attributed the disc herniation to the 1947 accident. In a report, his opinion for subsequent aggravation seemed firm but his testimony was merely that the later injuries " could have well aggravated the existing situation ". At another point, however, he said that it would be " speculative " to assign the second accident as a cause. Dr. de Gutierrez-Mahoney, in relating the disc condition to the second accident, as well as to the first, originally assigned importance to a history, not in the record, of claimant's falling on his back in the second accident. After this factor was eliminated, his testimony as to causation or aggravation was largely as to the possible and otherwise was not entirely clear, much of it relating to the possibility of the occurrence or aggravation of a lumbar disc injury. As to the cervical disc injury which the board found, his final expression of opinion was this affirmative answer to the somewhat general and inclusive question whether the *two* accidents caused a herniated lumbar disc and " may have caused " the herniated cervical disc: " And if they didn't cause the herniated discs [sic] in the cervical area they may have aggravated what was previously present." Upon this record, the board was justified in finding that the medical proof established causation in the 1947 accident. It was warranted in finding, further, that the evidence tending to relate claimant's condition to the second accident, by way of aggravation, was without probative force. To our minds, the proof in support of aggravation was, at best, far less persuasive than that as to initial causation. It was well within the area of decision committed to the board to find it insufficient. In point is *Matter of Zoller* v. *Barnard, Porter, Remington & Fowler* (1 A D 2d 721) in which we said: " Claimant argues that there is no competent medical testimony that only a portion of his mental difficulties resulted from the industrial accident and that the board was required to find either that there was a total permanent disability as the result of the industrial accident or that none of the disability was caused thereby. *The board was not required to accept or reject the whole of each medical opinion.* It had the right to weigh the conflicting opinions in the light of the record as a whole and to determine that only a portion of claimant's disability was due to the industrial accident." (Emphasis supplied.) Decision and award affirmed, with costs to respondents Falkenstein and Standard Accident Insurance Co. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.